United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 09-1021

September Term 2009

SEC-74FR3138

**Filed On:** July 12, 2010

American Equity Investment Life Insurance
Company, et al.,
     Petitioners

     v.

Securities and Exchange Commission,
     Respondent

-----------------------------
Consolidated with 09-1056

     **BEFORE:**    Sentelle, Chief Judge, and Ginsburg and Rogers, Circuit Judges

## O R D E R

     Upon consideration of the petition of Old Mutual Financial Life Insurance Company for rehearing and the response thereto, and the supplemental briefs of the parties, it is

     **ORDERED** that the petition for rehearing be granted to the extent that Rule 151A be vacated, and the opinion in American Equity v. SEC, 572 F.3d 923 (D.C. Cir. 2009), be amended to delete the last sentence in the first paragraph, 572 F.3d at 925, and insert in lieu thereof "Accordingly, we vacate the rule." and to delete the third full paragraph, 572 F.3d at 936, and insert in lieu thereof:

     Having determined that the SEC's § 2(b) analysis is lacking, we grant the petitions insofar as they assert the SEC failed properly to consider the effect of the rule upon efficiency, competition, and capital formation. Turning to the appropriate remedy, under *Allied-Signal, Inc. v. United States Nuclear Regulatory Commission*, we note "[t]he decision whether to vacate depends on the seriousness of the order's deficiencies (and thus the extent of doubt whether the agency chose correctly) and the disruptive consequences of an interim change that may itself be changed." 988 F.2d 146, 151 (D.C. Cir. 1993). The SEC argues it is likely to reissue Rule 151A but it also acknowledges it is in the midst of analyzing the effect of the rule upon the law of each state. As the petitioners point out, the Commission cannot know whether that analysis will support reissuing Rule 151A until it has been completed.

Neither will vacatur be disruptive of the agency's regulatory program. By its own terms, Rule 151A has not yet gone into effect, *cf. Allied-Signal*, 988 F.2d at 151 (vacatur would require agency to return fees already collected under regulatory regime); *Sugar Cane Growers Co-op of Florida v. Veneman*, 289 F.3d 89, 97 (D.C. Cir. 2002) (vacatur would be "an invitation to chaos" because "[t]he egg has been scrambled and there is no apparent way to restore the status quo ante"), and until such time as it does, the regulations supplied by state law will remain in place, *cf. Davis County Solid Waste Mgmt. v. EPA*, 108 F.3d 1454, 1458–59 (D.C. Cir.1997) (vacatur would leave certain pollutants partially unregulated for eighteen months). We therefore order that Rule 151A be vacated.

The Clerk is directed to amend the judgment filed July 21, 2009, accordingly. The Clerk is further directed to issue the mandate 7 days after the issuance of this order.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk